1
2
3
4
5
6
7
8                              UNITED STATES DISTRICT COURT
9                          FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   ALONZO MCKINNEY,                              No. 2:14-cv-0475 DAD P
12                  Petitioner,
13        v.                                       ORDER
14   J. ACEBEDO,
15                  Respondents.
16

17      Petitioner is a state prisoner proceeding pro se.  Pending before the court is petitioner's
18   amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.
19      After reviewing the amended petition, the court has determined that it must be dismissed.
20   See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir.1990) (dismissal is appropriate when
21   allegations in a petition are vague, conclusory, patently frivolous or false, or palpably incredible).
22   As with petitioner's original petition, it is not clear from petitioner's form amended petition what
23   his claims for relief are in this action.  Petitioner alleges only vague claims of "Prop. 36 Recall
24   and Resentencing" and "malicious prosecution."  He also refers the court to the "Clerk's Record"
25   for additional claims.  (Am. Pet. at 5-6.)  In the interest of justice, the court will grant petitioner
26   leave to file a second amended petition.
27   /////
28   /////

                                                    1

In any second amended petition petitioner elects to file, he will need to clarify why he believes he is entitled to federal habeas corpus relief.  Under Rule 2 of the Rules Governing Section 2254 Cases, any petition must:

> (1) specify all the grounds for relief available to the petitioner;
>
> (2) state the facts supporting each ground;
>
> (3) state the relief requested;
>
> (4) be printed, typewritten, or legibly handwritten; and
>
> (5) be signed under penalty of perjury….

Rule 2(c), Federal Rules Governing Section 2254 Cases.  "[T]he petition is expected to state facts that point to a 'real possibility of constitutional error.'"  Rule 4, Advisory Committee Note, Federal Rules Governing Section 2254 Cases.

Also pending before the court is petitioner's motion for appointment of counsel.  There currently exists no absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.  In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's amended petition for writ of habeas corpus is dismissed with leave to file a second amended petition within thirty days of the date of service of this order;

2. Any second amended petition must be filed on the form employed by this court and must state all claims and prayers for relief on the form.  It must bear the case number assigned to this action and must bear the title "Second Amended Petition."  Failure to file a second amended petition will result in dismissal of this action;

/////

/////

/////

/////

3. The Clerk of the Court is directed to send petitioner the form for habeas corpus application; and

4. Petitioner's motion for appointment of counsel (Doc. No. 9) is denied.

Dated: August 28, 2014

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
mcki0475.amd(2)