UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO MCKINNEY,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>J. ACEBEDO,<br><br>　　　　　Respondents. | No. 2:14-cv-0475 DAD P<br><br><br>ORDER |

Petitioner is a state prisoner proceeding pro se. Pending before the court is petitioner's second amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PRELIMINARY SCREENING**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4, Rules Governing Section 2254 Cases. See also O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983). The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus at several stages of a case, including "summary dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the answer and petition are considered; or a dismissal after consideration of the pleadings and an expanded record."

## DISCUSSION

The court will dismiss petitioner's second amended petition for failure to state a cognizable claim for federal habeas corpus relief.[1]  See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir.1990) (dismissal is appropriate when allegations in a petition are vague, conclusory, patently frivolous or false, or palpably incredible).  As was the case with petitioner's original and first amended petitions, it is not clear what claims for habeas relief petitioner is attempting to present in this action.  This is because petitioner asserts only vague claims of "Deny Counsel for Prop 36" and "Recall/Resentencing."  (Sec. Am. Pet. at 5.)  He also refers this court to the "Clerk Records" for additional claims.  (Id. at 5-6.)

The undersigned previously advised petitioner that he needed to clarify why he believes he is entitled to federal habeas corpus relief.  The court instructed petitioner to specify his grounds for relief and state supporting facts for each of his claims as required by Rule 2 of the Rules Governing Section 2254 Cases.  Nonetheless, once more, petitioner has failed to state any federal constitutional claims and/or "facts that point to a 'real possibility of constitutional error.'"  Rule 4, Advisory Committee Note, Federal Rules Governing Section 2254 Cases.  At this juncture, and in light of the court's two prior orders dismissing with leave to amend (ECF Nos. 7 & 13), the undersigned finds that granting further leave to amend would be futile.  Accordingly, the court will dismiss petitioner's second amended petition without leave to amend.  See Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend.").

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's second amended petition (Doc. No. 14) is dismissed for failure to state a cognizable claim for federal habeas corpus relief;

/////

/////

/////

---

[1] Petitioner has previously consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636. (Doc. Nos. 3 & 6)

2. The court declines to issue a certificate of appealability; and

3. This action is closed.

Dated: April 1, 2015

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
mcki0475.156